[No. C011983. Third Dist. Oct. 27, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
HAL VINCENT STALEY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and II.

**COUNSEL**

Mark E. Cutler and Richard T. Dudek, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Robert D. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SCOTLAND, J.**—A person who is convicted of Health and Safety Code offenses involving controlled substances shall be ordered to pay a drug program fee of up to $100 for each separate offense if the trial court determines the person has the "ability to pay" the fee. (Health & Saf. Code, § 11372.7.)

We conclude that "ability to pay" a drug program fee does not require existing employment or cash on hand. Rather, a determination of ability to pay may be made based on the person's *ability to earn* where the person has no physical, mental or emotional impediment which precludes the person from finding and maintaining employment once his or her sentence is completed.

### FACTS

On January 21, 1991, undercover officers used an informant to make a controlled buy of methamphetamine from defendant at his home.

On the afternoon of February 21, 1991, undercover officers employed the same informant to make a second controlled buy of methamphetamine from

defendant at his house. That evening, officers executed a search warrant at defendant's home and seized two packages of methamphetamine totalling .27 grams, a triple beam scale with powder residue, packaging material, and syringes. The packages of methamphetamine were found in a box with some empty bindles. In the opinion of the officers, the methamphetamine was possessed for sale.

Case No. 21559 charged the February 21 sale of methamphetamine (Health & Saf. Code, § 11379). Case No. 21561 charged the January 21 sale of methamphetamine and the two offenses committed on the evening of February 21—possession of methamphetamine for sale (Health & Saf. Code, § 11378) and possession of syringes (Bus. & Prof. Code, § 4149).

In a joint trial, a jury convicted defendant of all the charges. At sentencing, the court found defendant was not a fit subject for the California Rehabilitation Center (CRC) and sentenced him to a term of four years, eight months in state prison. The court also imposed a restitution fine of $500 for each case and ordered defendant to pay a laboratory analysis fee of $50 and a drug program fee of $100 for each offense.

On appeal, defendant contends the trial court erred in failing to give a unanimity instruction, abused its discretion in denying defendant's request for a referral to CRC, and improperly imposed certain fees and fines without determining his ability to pay them.

In the published part of this opinion, we reject defendant's last contention. In the unpublished portion, we find no merit in his remaining claims of error. Accordingly, we shall affirm the judgment.

DISCUSSION

I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

III

■ Defendant contends the trial court erred in imposing laboratory analysis fees, drug program fees and restitution fines without determining defendant's ability to pay them.

The contention has no merit with respect to the laboratory analysis fees and restitution fines because the statutes authorizing imposition of laboratory

*See footnote, *ante*, page 782.

analysis fees (Health & Saf. Code, § 11372.5) and restitution fines (Pen. Code, § 1202.4; Gov. Code, § 13967)) do not require a finding of ability to pay.

As to the drug program fees imposed by the court, Health and Safety Code section 11372.7, subdivision (a), provides in part: "Except as otherwise provided in subdivision (b) . . . , each person who is convicted of a violation of this chapter shall pay a drug program fee in an amount not to exceed one hundred dollars ($100) for each separate offense." Subdivision (b) states: "The court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee. If the court determines that the person has the ability to pay, the court may set the amount to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability. In its determination of whether a person has the ability to pay, the court shall take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution. If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee."

This statute does not require the trial court to make an express finding of ability to pay a drug program fee, and no such explicit finding was made in this case. Defendant simply argues that the record is devoid of any basis upon which such a determination may be implied. We disagree.

Ability to pay does not necessarily require existing employment or cash on hand. For example, in a family law proceeding an award of child support may be based on the supporting spouse's "ability to earn" as distinguished from "actual income" when that spouse has engaged in a deliberate attempt to avoid financial family responsibilities by refusing to seek or accept gainful employment, or by deliberately not applying himself or herself to that person's employment so as to intentionally depress income to an artificial low, or by leaving employment to go into a lower paying job with the intent to avoid financial family responsibilities. (*Philbin* v. *Philbin* (1971) 19 Cal.App.3d 115, 121 [96 Cal.Rptr. 408]; Civ. Code, § 4720.2, subd. (g)(2) [in determining child support, the court may "consider the earning capacity of a parent in lieu of that parent's income, consistent with the best interests of the child"].)

Another example more closely on point is the holding in *In re Brian S.* (1982) 130 Cal.App.3d 523 [181 Cal.Rptr. 778], wherein this court upheld a restitution order based upon an ability to earn. Noting the 18-year-old Brian S. did not have sufficient present assets to make immediate restitution, this court recognized that the law does not require immediate payment. Because there was nothing in the record to reflect that Brian S. could not obtain employment and make future restitution payments, this court upheld the order based on ability to earn because the amount of restitution was not exorbitant and the order served a rehabilitative purpose. (*Id.*, at p. 532.)

In this case, defendant supported a $100 a day drug habit by selling methamphetamine. He had no other income and had not been employed since 1988 when he worked for four months at minimum wage. However, there is nothing in the record to suggest that defendant (who was 31 years old at the time of sentencing) is physically, mentally or emotionally unable to find and maintain productive employment once his sentence is completed. The trial court had an opportunity to observe defendant, and we presume the court discerned no such disabling characteristics. If there were any such latent impediments, defendant would be in the best position to know of and develop that information. Since he failed to object to imposition of the drug program fee or to request a hearing on his ability to pay, we assume there are no such impediments. Moreover, the court was entitled to infer that defendant's poor employment history was not due to functional causes but was the product of defendant's choice of lifestyle. In his statement to the probation officer, defendant repeatedly indicated that he intended to mend his ways and become a productive member of society. He expressed his plan to start employment with his father once he completes his sentence. In addition, he twice told the probation officer that defendant recognizes it is "time to pay his dues."

Having made that pledge, it is ironic that defendant now seeks to evade the $300 in drug program fees he was ordered to pay. This amount is not unduly burdensome. Accepting the sincerity of defendant's stated intention to mend his ways and to lead a productive life in the future, the trial court was entitled to conclude that defendant has the ability to satisfy this modest debt to society by fulfilling his goal of obtaining employment with his father once he completes his sentence. In other words, the record supports an implied determination of ability to pay. Hence, the trial court not did err in imposing the drug program fees.

## Disposition

The judgments are affirmed.

Davis, Acting P. J., and Nicholson, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 11, 1993. Mosk, J., and Arabian, J., were of the opinion that the petition should be granted.