Filed 3/7/13  P. v. Champion CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055024 |
| v. | (Super.Ct.No. RIF1105282) |
| SHANDRA CHAMPION, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Elaine M. Johnson, Judge.  Affirmed.

Marianne Harguindeguy Cox, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Annie Fraser and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

On October 5, 2011, a complaint charged defendant and appellant Shandra Champion with possession of cocaine under Health and Safety Code section 11350, subdivision (a) (count 1), and theft with three or more prior convictions for theft crimes under Penal Code section 490.5 (count 2). The complaint further alleged that defendant had two prison priors under Penal Code section 667.5, subdivision (b).

Defendant pled guilty to both counts and admitted one prison prior. Defendant was sentenced to two years four months in county jail.

On November 18, 2011, defendant filed her timely notice of appeal. On appeal, defendant contends that the trial court erred in imposing a booking fee and a drug program fee without determining her ability to pay the fees. For the reasons set forth *post*, we shall affirm the judgment.

# II[1]

## BACKGROUND

Pursuant to the terms of the plea agreement, formal probation was denied. Defendant requested an immediate sentence and waived being referred to probation for a presentence report. Therefore, defendant was sentenced to two years four months in county jail as follows: 16 months on count 2, 60 concurrent days on count 1, and one

---

[1] Defendant's sole issues on appeal are whether the trial court properly imposed booking and drug program fees. We, therefore, limit our discussion of facts to those issues.

consecutive year for the prison prior. The court suspended execution of the last 12 months of the sentence under Penal Code section 1170, subdivision (h)(5), and placed defendant on a supervised release grant for that period.

The court also ordered defendant to pay a $414.45 booking fee, a $200 restitution fine, a $40 security fee for each charge, a $30 conviction assessment fee for each charge, a $190 criminal laboratory analysis fee, and a $190 drug program fee. The court stayed a $200 probation restitution fine.

Defendant signed a "Sentencing Memorandum Supervised Release," which also set forth her sentence, grant of supervised release, and her requirement to pay the foregoing fees and fines. Defendant told the court that she understood all of the checked items in the sentencing memorandum and that she went over them with her attorney "probably too many times."

III

ANALYSIS

Defendant contends that the trial court improperly imposed a booking fee and a drug program fee without first determining her ability to pay the fees. The People argue that defendant has forfeited her right to challenge the imposition of the fees because she failed to raise these objections at the time the fees were imposed. We need not address the People's forfeiture argument because defendant's arguments fail on the merits.

*A. Jail Booking Fee*

Defendant was ordered to pay a $414.45 booking fee under Government Code section 29550 (section 29550). Section 29550, states:

3

"(d) When the court has been notified in a manner specified by the court that a criminal justice administration fee is due the agency:

"(1) A judgment of conviction may impose an order for payment of the amount of the criminal justice administration fee by the convicted person, and execution may be issued on the order in the same manner as a judgment in a civil action, but shall not be enforceable by contempt.

"(2) The court shall, *as a condition of probation*, order the convicted person, based on his or her ability to pay, to reimburse the county for the criminal justice administration fee, including applicable overhead costs."  (Italics added.)

Section 29550, subdivision (d)(1), permits assessment of an administration fee upon a judgment of conviction—without any specification that a court consider a defendant's ability to pay.  However, the plain language of subdivision (d)(2) states that a defendant's ability to pay must be considered when a fee is assessed as a condition of probation.

In this case, defendant was specifically denied formal probation under the terms of her plea agreement.  At the sentencing hearing, the trial court denied probation and sentenced defendant to two years four months in county jail.  The court then suspended execution of the last 12 months of the sentence under Penal Code section 1170, subdivision (h)(5), and placed defendant on a supervised release grant for the last 12 months of her sentence.  Penal Code section 1170, subdivision (h)(5), states:

"The court, when imposing a sentence pursuant to paragraph (1) or (2) of this subdivision, may commit the defendant to county jail as follows:

4

"(A) For a full term in custody as determined in accordance with the applicable sentencing law.

"(B)(i) For a term as determined in accordance with the applicable sentencing law, but suspend execution of a concluding portion of the term selected in the court's discretion, during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court. . . ."  (Pen. Code, § 1170, subd. (h)(5).)

Although Penal Code section 1170, subdivision (h)(5)(B)(i), provides that "defendant shall be supervised by the county probation officer," this simply refers to supervision by a probation officer and does not provide that a person sentenced under the subdivision is granted formal probation.

Notwithstanding, defendant argues that a determination of her ability to pay should have been made under section 29550, subdivision (d)(2).  In support of her argument, defendant cites to *People v. Pacheco* (2010) 187 Cal.App.4th 1392 (*Pacheco*).  *Pacheco*, however, does not apply to this case.

In *Pacheco*, after the defendant entered a no contest plea, the court suspended imposition of sentence and placed the defendant on formal probation for three years.  (*Pacheco*, *supra*, 187 Cal.App.4th at p. 1396.)  On appeal, the defendant challenged the imposition of numerous fees, including a booking fee, without a determination of his ability to pay.  (*Id.* at p. 1397.)  As to the booking fee, the appellate court determined that it was unclear under which statute—whether under section 29550, subdivision (c), or

5

Government Code section 29550.2—the trial court ordered payment of the defendant's booking fee. Nonetheless, the court found that under either statute, the trial court erred because it failed to determine whether the defendant had the ability to pay his booking fee. (*Pacheco*, at p. 1400.)

As to section 29550, subdivision (c), as discussed in detail *ante*, a court must make a determination of a defendant's ability to pay if the defendant is placed on formal probation. (See § 29550, subd. (d)(2).) The defendant in *Pacheco* was placed on formal probation. Hence, a determination of ability to pay must be made. Here, defendant was not placed on formal probation. As discussed *ante*, section 29550, subdivision (d)(1) applies, not subdivision (d)(2); hence, no determination of ability to pay is mandated.

As to Government Code section 29550.2, the statute states that if a defendant "has the ability to pay, a judgment of conviction shall contain an order for payment. . . ." (Gov. Code, § 29550.2, subd. (a).) Hence, in *Pacheco*, if the booking fee was assessed under Government Code section 29550.2, the statutory language mandates the determination of ability to pay. In this case, the booking fee was not assessed under Government Code section 29550.2. Instead, it was assessed under section 29550, which does not contain the same mandate.

In sum, because the booking fee was imposed under section 29550, and defendant was not placed on formal probation, section 29550, subdivision (d)(1)—which does not require a determination of ability to pay—applies. Therefore, defendant is not entitled to a determination of her ability to pay the booking fee.

6

*B.  Drug Education Program Fee*

Defendant was ordered to pay a drug program fee of $190.00.  Defendant contends that the trial court erred in imposing a drug program fee without determining her ability to pay.  Defendant's contention fails because the court made an implied finding of her ability to pay.

Health and Safety code section 11372.7, states, in pertinent part:

"(a) Except as otherwise provided in subdivision (b) or (e), each person who is convicted of a violation of this chapter shall pay a drug program fee in an amount not to exceed one hundred fifty dollars ($150) for each separate offense.  The court shall increase the total fine, if necessary, to include this increment, which shall be in addition to any other penalty prescribed by law.

"(b) The court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee.  If the court determines that the person has the ability to pay, the court may set the amount to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability.  In its determination of whether a person has the ability to pay, the court shall take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution.  If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee."  (Health & Saf. Code, § 11372.7, subds. (a) & (b).)

Although the court must make a finding of ability to pay under Health and Safety Code section 11372.7, the court is not required to make an express finding on the record. (*People v. Staley* (1992) 10 Cal.App.4th 782, 785.) The "fee is mandatory unless the defendant is unable to pay. Since the record does not suggest otherwise, we presume the court found appellant had the ability to pay the fee." (*People v. Clark* (1992) 7 Cal.App.4th 1041, 1050; see also *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517-1518.)

Based on the above, in the absence of evidence to the contrary, we must presume that the trial court followed the law in performing its duty and the requisite determination of ability to pay is implicit in the trial court's order to pay the drug program fee. (Evid. Code, § 664; see also *People v. Staley*, *supra*, 10 Cal.App.4th at pp. 785-786.)

IV

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

HOLLENHORST
Acting P. J.

CODRINGTON
J.

8