Filed 9/25/13  P. v. Nguyen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SANG VAN NGUYEN,<br><br>    Defendant and Appellant. | H039081<br>(Santa Clara County<br> Super. Ct. No. C1227546) |

STATEMENT OF THE CASE

Defendant Sang Van Nguyen pleaded guilty to two counts of petty theft with a prior robbery conviction (Pen. Code, § 666, subd. (b)(1)), one count of false personation exposing the victim to liability (Pen. Code, § 529), one count of second degree burglary (Pen. Code, §§ 459/460, subd. (b)), and one count of possession of controlled substance paraphernalia (Health & Saf. Code, § 11364).  Defendant admitted a prior strike conviction (Pen. Code, §§ 667, subds. (b)(i)/1170.12 ).  The trial court sentenced defendant to four years in prison and imposed various fines and fees, including a $150 drug program fee pursuant to Health and Safety Code section 11372.7.

Defendant now appeals from the judgment of conviction, arguing that the drug program fee must be stricken because the trial court failed to expressly determine his ability to pay the fee.  Defendant alternatively requests that we remand the matter to the trial court for a determination of his ability to pay the fee.  As set forth below, we

conclude that an express finding regarding defendant's ability to pay was not required, and that the trial court properly imposed the drug program fee.[1] We accordingly will affirm.

DISCUSSION[2]

### Background

The probation report recommended that the trial court order defendant to pay various fines and fees. One of the fees recommended by the probation report was a $150 drug program fee.

Near the end of defendant's sentencing hearing, the trial court imposed a $150 drug program fee pursuant to Health and Safety Code section 11372.7.[3] Shortly thereafter, the trial court stated: "Although I think attorney's fees are appropriate, I don't think the defendant has the ability to pay them, and I will not order them."

### The Trial Court Properly Imposed the Drug Program Fee

Section 11372.7 states that "each person who is convicted of a violation of this chapter shall pay a drug program fee in an amount not to exceed one hundred fifty dollars ($150) for each separate offense." (§ 11372.7, subd. (a)). Section 11372.7 further states that the trial court "shall determine whether or not the person . . . has the ability to pay a drug program fee," and that "the person shall not be required to pay a drug program fee" if the trial court determines that the person is unable to pay the fee. (§ 11372.7, subd. (b).) When determining whether a person is able to pay a drug program fee, the

---

[1] The People contend that defendant forfeited his claim by failing to object to the drug program fee in the trial court. Because we can easily resolve defendant's claim on the merits, we will not address the issue of forfeiture.

[2] The facts underlying defendant's conviction are not relevant to the issue presented on appeal. We therefore will not summarize the facts.

[3] Subsequent unspecified statutory references are to the Health and Safety Code.

2

trial court "is not required to state its finding on the record." (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1518 (*Martinez*); see also *People v. Staley* (1992) 10 Cal.App.4th 782, 785 (*Staley*) [section 11372.7 "does not require the trial court to make an express finding of ability to pay a drug program fee"].)

" 'The general rule is that a trial court is presumed to have been aware of and followed the applicable law.' " (*Martinez, supra,* 65 Cal.App.4th at p. 1517.) Thus, on a silent record we presume that a trial court that has imposed a drug program fee has determined that the defendant is able to pay the fee. (*Ibid; People v. Clark* (1992) 7 Cal.App.4th 1041, 1050.)

In the instant case, the trial court did not make an express finding regarding defendant's ability to pay the drug program fee. Such an express finding, however, was not required. (*Martinez, supra,* 65 Cal.App.4th at p. 1518; *Staley, supra,* 10 Cal.App.4th at p. 785.) Given the trial court's imposition of a drug program fee, we must presume that the trial court determined that defendant was able to pay the fee. (*Martinez, supra,* 65 Cal.App.4th at p. 1517; *Clark, supra,* 7 Cal.App.4th at p. 1050.) Indeed, the record here affirmatively supports the presumption that the trial court determined defendant's ability to pay the drug program fee. The trial court's comment regarding defendant's ability to pay attorney fees implies that the trial court considered defendant's financial situation when imposing all the fines and fees. Moreover, because there was no evidence that defendant was unable to maintain employment, there was an adequate basis for the trial court to conclude that defendant had the ability to pay the drug program fee. (See *Staley, supra,* 10 Cal.App.4th at p. 783 [imposition of a drug program fee is appropriate "where the person has no physical, mental or emotional impediment which precludes the person from finding and maintaining employment once his or her sentence is completed"].) Accordingly, we conclude that the trial court did in fact determine defendant's ability to pay the drug program fee, and that the trial court sufficiently

3

complied with the requirements of section 11372.7.  We therefore will not strike the drug program fee.

**DISPOSITION**

The judgment is affirmed.

_____
                                RUSHING, P.J.

WE CONCUR:

_____
           PREMO, J.

_____
           ELIA, J.