Filed 3/24/14  P. v. Logue CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

---

|  |  |
|---|---|
| THE PEOPLE, | C072302 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036812) |
| v. | |
| WILLIAM ELLIS LOGUE, | |
| Defendant and Appellant. | |

---

Defendant William Ellis Logue pleaded no contest to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] in exchange for dismissal of a great bodily injury enhancement, with no agreement as to sentencing.  The trial court sentenced defendant to the middle term of three years in state prison and, as relevant here, ordered

---

[1]  Further undesignated statutory references are to the Penal Code.

him to pay a $736 probation report fee (§ 1203.1b), a $720 restitution fine (§ 1202.4, subd. (b)), and a $780 penal fine (§ 672).

Defendant appeals, contending there is insufficient evidence of his ability to pay the probation report fee or the restitution fine, and if those claims are deemed forfeited due to lack of an objection in the trial court, his trial counsel was ineffective. Defendant further asserts that the $780 penal fine constitutes an unauthorized sentence.

We shall conclude defendant forfeited his insufficient evidence claim and his ineffective assistance claim is best addressed in habeas corpus proceedings. We shall further conclude that the $780 penal fine is authorized under section 245, subdivision (a)(1) and shall modify the judgment to reflect that the penal fine was imposed pursuant to that section and *not* section 672. We shall affirm the judgment as modified.

DISCUSSION[2]

I

Defendant contends there is insufficient evidence of his ability to pay the probation report fee and any amount beyond the $240 mandatory minimum restitution fine.

The probation report fee is based on section 1203.1b, which authorizes the recoupment of certain costs incurred for the preparation of presentence investigations and reports on the defendant's amenability to probation. (See *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1070 (*Valtakis*).) Section 1203.1b, subdivision (b) provides in pertinent part: "The [trial] court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative."

_____

[2] The facts of the underlying offense are not relevant to our resolution of the issues raised on appeal.

2

The restitution fine is based on section 1202.4, which at the time of defendant's sentencing, required the trial court to impose a restitution fine between $240 and $10,000 in every felony case unless "compelling and extraordinary reasons" exist for not doing so. (§ 1202.4, subd. (b).)  In determining the amount of the fine, the court must consider "any relevant factors, including, but not limited to, the defendant's inability to pay . . . ." (§ 1202.4, subd. (d).)

Defendant forfeited his challenge to the sufficiency of the evidence of his ability to pay the probation report fee and restitution fine by not objecting at sentencing. (*Valtakis*, *supra*, 105 Cal.App.4th at pp. 1071-1072 [§ 1203.1b probation fee]; *People v. Nelson* (2011) 51 Cal.4th 198, 227 [§ 1202.4 restitution fine].)  While this case was pending on appeal, our Supreme Court decided *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), which held that the defendant's failure to object to the imposition of a jail booking fee (Gov. Code, § 29550.2) forfeited the claim that he lacked the ability to pay the fee.  The court concluded that the defendant's financial ability to pay the fee was a question of fact, not law.  (*McCullough*, at p. 597.)  "Defendant may not 'transform . . . a factual claim into a legal one by asserting the record's deficiency as a legal error.' [Citation.]  By 'failing to object on the basis of his [ability] to pay,' defendant forfeits both his claim of factual error and the dependent claim challenging 'the adequacy of the record on that point.' [Citations.]  . . . [B]ecause a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Ibid*.)

The same rationale applies to the probation report fee and restitution fine at issue here.  Before sentencing, defendant was in possession of the probation officer's report, which recommended that the court impose a $736 probation report fee pursuant to section 1203.1b and a $720 restitution fine pursuant to section 1202.4, subdivision (b).  When the

3

court sentenced defendant and imposed the fee and fine, defendant did not object and thus challenges to the fee and fine are forfeited on appeal.

## II

Anticipating our finding of forfeiture, defendant contends his trial counsel's failure to challenge the orders for payment of the probation report fee and restitution fine constitutes ineffective assistance. We are not convinced.

" ' "[I]n order to demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was 'deficient' because his 'representation fell below an objective standard of reasonableness . . . under prevailing professional norms.' [Citation.] Second, he must also show prejudice flowing from counsel's performance or lack thereof. [Citation.] Prejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citations.]" [Citation.]' [Citation.]" (*People v. Avena* (1996) 13 Cal.4th 394, 418, fn. omitted.)

" ' "[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.] A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding. [Citations.]" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 (*Mendoza Tello*).)

In this case, defendant's trial counsel was not asked to explain why he did not challenge the probation report fee or restitution fine. Defendant counters that, although the record is silent, this is a case in which there are no "viable reasons for trial counsel's failure to object . . . ." We disagree.

The probation report states that defendant, age 45, served in the United States Army from 1984 until his "[o]ther than honorable" discharge in 1995 for having

4

"excessive levels of THC in a urine test." Defendant has a high school diploma and received 42 college credits from Ball State University. He also reported a long work history primarily in the field of carpentry. Defendant claimed to have been unemployed since 2009 and to have been doing "odd jobs" since that time. He reported receiving $200 a month in public assistance and having average monthly living expenses of $80-$100. The probation report states that defendant is "able-bodied and has marketable job skills. Therefore, he should have the ability to pay fines, fees and restitution as ordered by the Court, upon his release from custody."

The probation report demonstrates that there could be a satisfactory explanation for trial counsel's failure to object to the probation report fee and restitution fine. (*Mendoza Tello*, *supra*, 15 Cal.4th at p. 266.) While defendant reported a meager monthly income, the amount reported was double his reported monthly living expenses. He is not married, has no children, and is debt free. He also has a high school diploma, some college credit, and marketable job skills. It is well established that a finding of ability to pay "does not necessarily require existing employment or cash on hand." (*People v. Staley* (1992) 10 Cal.App.4th 782, 785.) Trial counsel may have concluded that despite his meager income and lack of assets, defendant had the ability to earn, and thus, an objection on the ground of inability to pay would have been futile. Trial counsel also may have known further facts outside the record that would have supported an ability-to-pay finding. The matter is best addressed in habeas corpus proceedings.

III

Finally, defendant contends the $780 penal fine imposed pursuant to section 672 constitutes an unauthorized sentence because a penal fine was prescribed in section 245, subdivision (a)(1). As we shall explain, because the trial court only imposed one penal fine and because such a fine was authorized under section 245, subdivision (a)(1), the $780 fine imposed here does not constitute an unauthorized sentence.

Section 672 provides: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, *in relation to which no fine is herein prescribed*, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed." (Italics added.)

"The language used in section 672 demonstrates that it was meant to provide a fine for offenses for which another statute did not impose a fine. In other words, this is a catchall provision allowing a fine to be imposed for every crime, even if the statute criminalizing the conduct did not specifically authorize a fine. The limiting provision was meant to ensure that a fine pursuant to section 672 would not be imposed if another statute authorized a fine for the offense." (*People v. Breazell* (2002) 104 Cal.App.4th 298, 304 (*Breazell*).)

In *Breazell*, the defendant pleaded guilty to possessing cocaine base for sale, a violation of Health and Safety section 11351.5. (*Breazell, supra*, 104 Cal.App.4th at p. 301.) The trial court imposed a fine under Health and Safety Code section 11372 and another fine under section 672. (*Breazell,* at p. 302.) On appeal, the parties disputed whether a fine could be imposed under section 672 when the trial court also imposed a fine under Health and Safety Code section 11372. (*Breazell,* at p. 302.) The court held: "Since a fine pursuant to section 672 may be imposed for offenses not defined in the Penal Code, it would be absurd to allow this provision, intended to impose a fine only when no other statute does so, to result in multiple fines simply because the offense and the associated fine are not defined in the Penal Code. The language of the statute and its history establish that the Legislature did not intend such a result. Accordingly, the trial court erred in imposing a fine pursuant to section 672 when a fine also was imposed pursuant to Health and Safety Code section 11372." (*Id*. at p. 304.)

Here, defendant was convicted of violating section 245, subdivision (a)(1), which authorized the trial court to impose, among other things, "a fine not exceeding ten

6

thousand dollars ($10,000)."**3**  The trial court, however, did not purport to impose a fine under that section.  Instead, it purported to impose a fine under section 672, as recommended in the probation report.  Although the trial court relied on the wrong code section in imposing the fine, the fine did not constitute an unauthorized sentence.

"[T]he 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal."  (*People v. Scott* (1994) 9 Cal.4th 331, 354.)  "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under *any* circumstance in the particular case."  (*Ibid.*, italics added.)

The $780 penal fine imposed here did not constitute an unauthorized sentence because it could have lawfully been imposed under section 245, subdivision (a)(1).  Unlike *Breazell*, this is not a case where the court imposed a fine under 672 while also imposing a fine under another statute.  Rather the trial court erroneously purported to impose the fine under section 672 instead of 245.  We shall modify the judgment to reflect that the $780 fine is imposed pursuant to section 245, subdivision (a)(1) and not section 672.

### DISPOSITION

The judgment is modified to reflect that the $780 penal fine is imposed pursuant to Penal Code section 245, subdivision (a)(1), and not Penal Code section 672.  As so modified, the judgment is affirmed.  The trial court is directed to prepare an amended

---

**3**  Section 245, subdivision (a)(1) provides:  "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment."

abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

                                                            \_\_\_\_BLEASE_____, Acting P. J.

We concur:

       \_\_\_NICHOLSON_____, J.

       \_\_\_MAURO_____, J.