Filed 12/10/20  P. v. Barnes CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>REGINALD BARNES,<br><br>    Defendant and Appellant. | B299398<br><br>(Los Angeles County<br>Super. Ct. No. MA075220) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Deputy Attorney General, and

Nancy Lii Ladner, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Reginald Barnes (defendant) appeals the trial court's finding that he had the ability to pay a $300 restitution fine (Pen. Code, § 1202.4, subd. (b))[1] if given 18 months to do so. Substantial evidence supports this finding, so we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.     Facts

In late November 2018, defendant drove his car through a stop sign and crashed into a bank. He was under the influence.

At that time, defendant had three convictions for driving under the influence (DUI) (Veh. Code, § 23152) based on conduct in 2009, in July 2017, and in October 2017.

### II.     Procedural Background

The People charged defendant with driving under the influence within 10 years of having three prior DUIs, which is a felony (Veh. Code, §§ 23152, subd. (f), 23550).[2]

In May 2019, defendant pled no contest to this count and admitted his prior DUI convictions. Pursuant to the parties' plea agreement, the trial court imposed a time-served sentence (of 336

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The People also charged defendant with three misdemeanor offenses involving driving on a suspended license, and further alleged that defendant's 2013 conviction for assault with a deadly weapon (§ 245, subd. (a)(1)) constituted a "strike" under our Three Strikes Law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(j)) and that defendant had served three prior prison terms (§ 667.5, subd. (b)), but those charges and further allegations were dismissed as part of defendant's plea agreement.

2

days in county jail) and the standard fines and fees—namely, a $300 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 70373), a $100 alcohol and drug program fine (Veh. Code, § 23649), and a $50 alcohol abuse and prevention assessment (*id.*, § 23645).

In July 2019, the trial court held a hearing regarding the defendant's ability to pay those fines and assessments pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Prior to the hearing, defendant submitted a cash flow statement indicating monthly income of $931.72 (comprised entirely of Supplemental Security Income), and monthly expenses of $950 (comprised of $650 for renting a room, $225 for food, $50 for a cell phone, and $25 for clothing and laundry). At the hearing, defendant stated that he also "pay[s]" $120 "for life insurance," although he did not say how often this payment was made. The trial court questioned the veracity of defendant's cash flow statement, noting that defendant's ability to pay for gas and auto insurance meant that he likely had additional sources of income not reported in the statement. Defendant told the financial evaluator to whom he had submitted his cash flow statement that his mother helped him pay for his cell phone. The court nevertheless recognized that the full amount of fines and assessments was beyond defendant's means. Accordingly, the court struck all of the fines and assessments except the $300 restitution fine, and then set the due date for that fine 18 months out. In light of the undisclosed additional income, the court found that defendant would have the ability to pay "a small amount each month," which for the fine as due would come to $16.67 per month.

Defendant filed this timely appeal.

**DISCUSSION**

Defendant argues that the trial court erred in finding that he had the ability to put aside $16.67 per month in order to pay the $300 restitution fine in 18 months. We reject this argument for two reasons.

First, a defendant's inability to pay is not grounds to vacate or stay the restitution fine, contrary to the trial court's suggestion. By statute, a restitution fine set at the $300 minimum is mandatory absent "compelling and extraordinary reasons." (§ 1202.4, subds. (b), (d).) One's inability to pay is not, by itself, such a reason. (*Ibid.* [ability to pay is relevant to imposition of a fine above the minimum].) To justify its departure from this statutory mandate, the trial court relied upon *Dueñas*, *supra*, 30 Cal.App.5th 1157, which held that due process requires an ability to pay hearing before *any* fine or assessment may be imposed. (*Id.*, at pp. 1164, 1167.) Because we have previously expressed our disagreement with *Dueñas*'s holding (*People v. Hicks* (2019) 40 Cal.App.5th 320, 322, review granted Nov. 26, 2019, S258946), the imposition of the $300 fine in accordance with the terms of the statute was proper.[3]

Second, even if we accept *Dueñas* as good law, the trial court did not err in requiring defendant to pay the $300 restitution fine within 18 months because substantial evidence supported the court's finding that he had the ability to do so. (E.g., *People v. Corrales* (2013) 213 Cal.App.4th 696, 702

---

[3] Although the trial court's striking of the assessments under section 1465.8, subd. (a)(1) and Government Code section 70373 was also improper if *Dueñas* is not good law, the People have not cross-appealed the court's order doing so.

[reviewing ability to pay finding for substantial evidence].) Although *Dueñas* purported to require *the People* to prove a defendant's "*present* ability to pay" (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1173, italics added), subsequent decisions interpreting *Dueñas* have construed its mandate to require *the defendant* to prove his inability to pay after considering *both present* assets and the *ability to earn money* in the future (e.g., *People v. Son* (2020) 49 Cal.App.5th 565, 591-592; *People v. Cowan* (2020) 47 Cal.App.5th 32, 49-50; see generally *People v. Staley* (1992) 10 Cal.App.4th 782, 785 ["Ability to pay does not necessarily require existing employment or cash on hand"]; accord, § 1202.4, subd. (d) [defining "ability to pay" as "includ[ing] . . . future earning capacity"]).

Applying this standard, the question then becomes: Does substantial evidence support the trial court's finding that defendant could pay $16.67 per month for the next 18 months? We conclude the answer is "yes." The court found that defendant's cash flow statement was not entirely accurate because it did not account for expenses such as gas and auto insurance that, as a practical matter and as a law-abiding citizen, respectively, defendant necessarily incurred. (See *Webb v. Special Electric Co., Inc.* (2016) 63 Cal.4th 167, 191 [presumption that people obey the law is appropriate].) It was also inaccurate because it did not reflect additional help he was receiving from his mother to pay his monthly expenses. Based on these findings, the court reasonably inferred that the additional income defendant had at his disposal and the money he previously spent on those undisclosed expenses could be diverted to cover the very modest $16.67 monthly amount the court imposed.

Defendant asserts that he has met his burden to prove his inability to pay because he has neither the present assets nor the ability to earn enough to pay the $300 fine over 18 months.

First, defendant argues that the financial report establishes his lack of present assets, but, as discussed above, the court had reason to doubt the veracity of defendant's financial report. A trial court is entrusted to make such credibility findings, and we are not allowed to revisit them. (*People v. Brown* (2014) 59 Cal.4th 86, 106.) This is particularly so where, as here, the credibility findings are grounded in reasonable inferences. Defendant cites the trial court's findings that defendant was "indigent" and did "not have the ability to pay," but these findings are consistent with the court's order to pay the $300 restitution fine in 18 months. The court's finding of "indigence" does not categorically preclude imposition of all fines and assessments; after all, *Dueñas* held that "indigent" defendants found to have an ability to pay fines and assessments still had to pay them. (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1172-1173.) And the court's finding that defendant did not have the ability to pay the full amount of $550 in fines and assessments *now* did not mean that defendant did not have the ability to pay a reduced total of $300 in 18 months' time.

Second, defendant argues that his advanced age and poor health preclude him from rejoining the work force to increase his income, but this is irrelevant because substantial evidence supported the court's finding that defendant's *current* income was sufficient. Relatedly, defendant asserts, the trial court's ruling regarding his ability to earn more (or to cut his expenses) is wholly speculative because the court, at the ability to pay hearing, expressed its "hope" that defendant will "get some

supplemental income," and that he "will get appropriate" (that is, cheaper) rent-controlled housing.  While "[s]peculation is not substantial evidence" (*People v. Ramon* (2009) 175 Cal.App.4th 843, 851), the court's "hope[s]" that defendant's financial condition might improve does not undercut its finding that he has the ability to pay the restitution fine under his *current* financial condition.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ