Filed 10/29/21  P. v. Osuna CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ENRIQUE ELEUTERIO OSUNA,<br><br>　　　Defendant and Appellant. | H047900<br>(Santa Clara County<br>　Super. Ct. No. C1900058) |

## I.  INTRODUCTION

Defendant Enrique Eleuterio Osuna pleaded no contest to 29 counts of second degree burglary (Pen. Code, § 460, subd. (b)), one count of attempted second degree burglary (Pen. Code, §§ 460, subd. (b), 664),[1] and one count of evading an officer with willful disregard for safety (Veh. Code, § 2800.2, subd. (a)).  The trial court sentenced defendant to five years four months in prison.  The court also ordered, over defendant's inability-to-pay objection, that he pay various amounts, including a $10 fine (Pen. Code, § 1202.5), a $1,240 court operations assessment (Pen. Code, § 1465.8), a $930 court facilities assessment (Gov. Code, § 70373), and a $129.75 criminal justice administration fee (see Gov. Code, former §§ 29550-29550.2).  On appeal, defendant contends that he could not pay the amounts, and

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

therefore the order violated his constitutional rights to due process and the ban against excessive fines.

For reasons that we will explain, we determine that defendant fails to show error in the imposition of the ordered amounts. We will, however, (1) vacate the portion of the $129.75 criminal justice administration fee that remained unpaid as of July 1, 2021, (2) order the abstract of judgment amended to reflect the vacatur, and (3) affirm the judgment as amended. (See Gov. Code, § 6111, subd. (a).)

## II.  BACKGROUND

In October 2019, an amended complaint was filed charging defendant with 29 counts of second degree burglary (Pen. Code, § 460, subd. (b); counts 1-25, 27-30), one count of attempted second degree burglary (Pen. Code, §§ 460, subd. (b), 664; count 26), and one count of evading an officer with willful disregard for safety (Veh. Code, § 2800.2, subd. (a); count 31).[2] The amended complaint also alleged that defendant had served two prior prison terms (§ 667.5, former subd. (b)).

In November 2019, defendant pleaded no contest to all counts and admitted all allegations in the instant case, and he admitted that he violated his probation and postrelease community supervision in two other cases. He entered his pleas and admissions based on the trial court's indicated sentence of five years four months in prison.

The sentencing hearing was held on January 28, 2020. At the outset of the hearing, defense counsel requested that the trial court "stay or waive fines and fees pursuant to [*People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*)] and pursuant to [defendant's] inability to pay." Counsel contended that defendant was indigent. Counsel "expect[ed] the amount of restitution in this case [to] be very significant," and that while defendant was in prison or upon his release "he [would] hopefully be able to earn toward paying off

_____

[2] The facts underlying defendant's offense are not contained in the record on appeal.

2

restitution." Counsel observed that "three out of approximately 30 victim businesses" had so far submitted requests for restitution.

The trial court proceeded to sentence defendant to five years four months in prison. The court struck or dismissed the two prison priors (see § 667.5, subd. (b)). Defendant was granted 793 days of custody credits. The court made a general order of restitution.

The trial court also ordered defendant to pay a $10,000 restitution fine (§ 1202.4), but indicated that it would address the *Dueñas* issue "in a moment." The court proceeded to impose a suspended fine in the same amount (§ 1202.45). The court then stated: "The court finds you do have the ability to pay the $10 fine . . . pursuant to [section] 1202.5. [¶] Likewise, the emergency medical air transportation fine of $4 fine. [¶] The court security fee of [$]1,240. [¶] The criminal conviction assessment fee of [$]930. [¶] And $129.75 criminal justice administrative fee to the City of San Jose."

After the trial court imposed the various fines and fees, the court heard argument from defense counsel regarding *Dueñas*. Defense counsel contended that defendant was not employed at the time of his arrest, had been "continuously incarcerated over a year," and was receiving a prison sentence of five years four months. Counsel argued that more than $10,000 in restitution had been requested so far, and that, "given the number of counts," the total restitution "will be far in excess of $10,000." Counsel contended that, "[e]ven earning at the potential that [defendant] may have had previously, it will take him years to pay off the victims in this case. I'd ask the court not to impose a restitution fine so that his earning potential could go toward making the victim whole."

After hearing argument from defense counsel, the trial court struck the $10,000 restitution fine (§ 1202.4) and the suspended fine in the same amount (§ 1202.45) "pursuant to [*Dueñas*], due to the defendant's inability to pay." The court stated that its "purpose is, really, for the money to go towards restitution." The court further stated, however, that it was "going to leave in" the other amounts that it had imposed.

3

## III.  DISCUSSION

On appeal, defendant contends that the trial court, despite finding defendant's inability to pay the $10,000 restitution fine, nevertheless imposed other amounts, including a $10 fine (Pen. Code, § 1202.5), a $1,240 court operations assessment (Pen. Code, § 1465.8), a $930 court facilities assessment (Gov. Code, § 70373), and a $129.75 criminal justice administration fee, totaling $2,309.75.[3]  Defendant argues that the court "did not hold a hearing to determine whether [he] had the ability to pay the additional [amounts]," and did not explain why his inability to pay the restitution fine did not also extend to the other amounts ordered.  Defendant contends that, without a determination that he is able to pay, the ordered amounts (1) violate his federal and state constitutional rights to due process based on *Dueñas* and (2) violate the ban against excessive fines in the federal and state Constitutions.  Defendant requests that this court strike three of the ordered amounts:  the $1,240 court operations assessment (Pen. Code, § 1465.8), the $930 court facilities assessment (Gov. Code, § 70373), and the $129.75 criminal justice administration fee.[4]

---

[3] In his opening and reply briefs on appeal, defendant contends that the trial court imposed $3,549.75 in fees, fines, and assessments.  The individual amounts that he recites in his brief, however, only total $2,309.75.

[4] The probation department in January 2020, in recommending imposition of the criminal justice administration fee, cited three statutes as the basis for the fee:  Government Code sections 29550, 29550.1, and 29550.2.  However, newly effective Government Code section 6111 states:  "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to . . . subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."  (*Id.*, subd. (a).)  In other words, "by its plain terms," Government Code section 6111 "make[s] any unpaid portion of the identified assessments, as they existed on June 30, 2021, 'unenforceable and uncollectible' as of July 1, 2021.  [Citation.]"  (*People v. Greeley* (Oct. 19, 2021, No. H047281) ___Cal.App.5th___ [2021 Cal.App. LEXIS 873, at p. *30].)  Further, "the statute *also* mandates that any portion of a judgment imposing those fees be vacated.  Accordingly, based on the plain language of the statute, the unpaid balance of the . . . criminal justice administration fee[] must be vacated."  (*Id.* at p. ___ [2021 Cal.App. LEXIS 873, at pp. *30-*31], fns. omitted.)

4

We reject defendant's contentions for the following reasons.

First, regarding defendant's due process claim based on *Dueñas*, the appellate court in *Dueñas* concluded that imposition of the court operations assessment (Pen. Code, § 1465.8) and court facilities assessment (Gov. Code, § 70373) without a determination of the defendant's ability to pay was "fundamentally unfair" and violated due process under the federal and California Constitutions. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1168.) The *Dueñas* court also concluded that the execution of a restitution fine under section 1202.4 "must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, *supra*, at p. 1164.)

The Courts of Appeal, including panels of our own court, have reached conflicting conclusions on whether *Dueñas* was correctly decided. (See, e.g., *People v. Santos* (2019) 38 Cal.App.5th 923, 926-927 [applying "the principles articulated [in *Dueñas*]"]; *id.* at pp. 935-939 (dis. opn. of Elia, J.); *People v. Adams* (2020) 44 Cal.App.5th 828, 832 [concluding that "*Dueñas* was wrongly decided"]; *id.* at pp. 832-833 (dis. opn. of Premo, J.); *People v. Petri* (2020) 45 Cal.App.5th 82, 90 [finding that *Dueñas* was not "persuasive"]; *id.* at p. 95 (dis. opn. of Premo, J.).) The issue of whether an ability to pay determination must be made is currently pending before the California Supreme Court. (See, e.g., *People v. Kopp* (2019) 38 Cal.App.5th 47, 95 (*Kopp*) [agreeing with *Dueñas* that due process requires an ability to pay determination before imposition of court operations or court facilities assessment], review granted Nov. 13, 2019, S257844).

While we await the California Supreme Court's decision in *Kopp*, we need not address in this case whether *Dueñas* was correctly decided. The record reflects, contrary to defendant's argument on appeal, that the trial court did hold a hearing to determine defendant's ability to pay. The record further reflects that although the court struck the $10,000 restitution fine, the court nevertheless determined that defendant had the ability to pay the lesser amounts imposed.

Second, defendant's constitutional claims regarding due process and excessive fines are premised on the contention that he was indigent and unable to pay the ordered amounts. However, "[a]bility to pay does not necessarily require existing employment or cash on hand." (*People v. Staley* (1992) 10 Cal.App.4th 782, 785 (*Staley*); accord, *People v. Frye* (1994) 21 Cal.App.4th 1483, 1487.) Defendant's trial counsel acknowledged that defendant had "earning potential," and that "he will hopefully be able to earn" either "upon his release from prison, or even while in prison." The record reflects that defendant was only 42 years old at the time of sentencing. Although defendant's trial counsel stated that defendant was not employed at the time of his arrest, nothing in the record indicates that defendant could not make payments by earning money in prison or upon his release. The trial court also had the opportunity to observe defendant's physical condition at the sentencing hearing before imposing the ordered amounts. (See *Staley*, *supra*, 10 Cal.App.4th at p. 786.) The court was in the best position to evaluate defendant's physical condition in relation to his ability to work and earn wages, including upon his release from prison. (See *ibid*.) On this record, we find no error in the trial court's express determination of defendant's ability to pay the ordered amounts, which the court substantially reduced by striking the $10,000 restitution fine. (See *People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377 [ability-to-pay finding upheld where probation report indicated the defendant had been employed in the past and no evidence he was physically or mentally incapable].)

Third, regarding defendant's contention that the amounts ordered constitute excessive fines in violation of the federal and state Constitutions, we determine that the claim is forfeited. It was incumbent on defendant to raise an excessive fines objection in the trial court to preserve his claim, but he did not. (See *People v. Baker* (2018) 20 Cal.App.5th 711, 720 [Eighth Amendment claim forfeited for failure to raise it below]; *People v. Torres* (2019) 39 Cal.App.5th 849, 860 & fn. 4 [excessive fines claim forfeited in absence of timely objection].)

Fourth, even assuming his excessive fines claim has not been forfeited, defendant fails to establish a meritorious claim. "The Eighth Amendment to the United States Constitution states: 'Excessive bail shall not be required, *nor excessive fines imposed*, nor cruel and unusual punishments inflicted." (Italics added.) '[T]he Due Process Clause of the Fourteenth Amendment to the Federal Constitution . . . makes the Eighth Amendment's prohibition against excessive fines and cruel and unusual punishments applicable to the States. [Citation.]' . . . [¶] The California Constitution contains similar protections." (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 727-728 (*Lockyer*); see Cal Const., art. I, § 17 [prohibiting "excessive fines"].)

In this case, in support of his excessive fines claim, defendant cites *Lockyer* and states that there are "four relevant considerations in determining whether a fine is unconstitutionally excessive." In *Lockyer*, the California Supreme Court explained that " '[t]he touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality.' [Citation.]" (*Lockyer*, *supra*, 37 Cal.4th at p 728.) The "four considerations" bearing on proportionality are: "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay. [Citations.]" (*Ibid.*) In this case, defendant does not address the first three considerations to his case at all. Regarding the last consideration—ability to pay—as we have explained, we find no error in the trial court's finding of defendant's ability to pay, including by earning wages upon his release from prison.

Accordingly, defendant fails to demonstrate that the trial court erred by imposing the ordered amounts.

## IV. DISPOSITION

The portion of the $129.75 criminal justice administration fee that remained unpaid as of July 1, 2021, is vacated. The clerk of the superior court is directed to amend the abstract of judgment to reflect the vacatur of any balance of the criminal justice administration fee that remained unpaid as of July 1, 2021. The clerk shall forward a copy

7

of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

As amended, the judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, J.


WE CONCUR:




_____
ELIA, ACTING P.J.




_____
LIE, J.




*People v. Osuna*
**H047900**