Filed 5/2/22  P. v. Bonge CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C094489 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF00640) |
| v. | |
| MICHAEL LEE BONGE, | |
| Defendant and Appellant. | |

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164, defendant Michael Lee Bonge contends he received ineffective assistance of counsel because his trial counsel did not raise an ability to pay objection to the trial court's imposition of fines and fees.  We conclude defendant has failed to carry his burden in establishing ineffective assistance of counsel and affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

The facts underlying defendant's conviction are irrelevant to our disposition, so are not recounted in detail.  Suffice it to say that defendant pleaded guilty to two counts of lewd acts upon a child under the age of 14.  (Pen. Code, § 288, subd. (a).)  The trial

1

court sentenced him to 10 years in state prison.  Before imposing the fines and fees, the trial court asked defendant's trial counsel:  "The restitution fine, the recommended amount is $6,000.  Do you wish to be heard on that, [counsel]?"  Defendant's trial counsel responded:  "No, Your Honor."  The trial court then imposed a $6,000 state restitution fine (Pen. Code, § 1202.4, subd. (b)), imposed and stayed a $6,000 parole revocation fine (Pen. Code, § 1202.45), imposed a $2,340 sex offender fine (Pen. Code, § 290.3), an $80 court operations assessment fee (Pen. Code, § 1465.8), and a $60 criminal conviction assessment fee (Gov. Code, § 70373) on defendant.  Defendant timely appealed.

## DISCUSSION

On appeal, defendant contends he received ineffective assistance of counsel because his trial counsel failed to make an ability to pay objection to the trial court's imposition of fines and fees.  In the record, we find no affirmative showing of deficient performance by counsel and affirm the judgment.

The burden of proving ineffective assistance of counsel is on the defendant.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687.)  To establish constitutionally inadequate representation, the defendant must show that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  (*Ibid.*)

We defer to trial counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel.  (*People v. Weaver* (2001) 26 Cal.4th 876, 925.)  On direct appeal, "competency is presumed unless the record affirmatively excludes a rational basis for the trial attorney's choice."  (*People v. Musselwhite* (1998) 17 Cal.4th 1216, 1260.)  "If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation."  (*People v. Gray* (2005) 37 Cal.4th 168,

2

207.)  Mere speculation is insufficient to support a finding of ineffective assistance of counsel.  (*People v. Williams* (1988) 44 Cal.3d 883, 933.)  And failure to object rarely constitutes deficient counsel performance.  (*Gray*, at p. 207.)

Defendant claims he lacks the ability to pay the fines and fees because he had been unemployed for eight years, living on $830 per month in public assistance, and owed over $12,000 in child support.  He also contends whatever wages he might earn in prison are far from enough to pay his fines and fees.  Based on his financial circumstances, defendant claims there could be no satisfactory explanation for trial counsel's failure to raise an ability to pay objection to the fines and fees.  We disagree.

" 'Ability to pay does not necessarily require existing employment or cash on hand.'  [Citation.]  '[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future.'  [Citation.]  This included the defendant's ability to obtain prison wages and to earn money after his release from custody.  [Citation.]"  (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837.)

The probation report states defendant was 36 years old and was in fair health at the time of sentencing.  His only health problem was high blood pressure and he did not drink alcohol or use drugs.  Defendant is skilled in construction and retail and started working when he was 18 years old.  Prior to his unemployment, he worked at Walmart for over two years and as a drywall worker for almost five years.  He had been unemployed for eight years because he was a "stay at home dad," suggesting his unemployment was a lifestyle choice rather than a result of an inability to obtain employment.  (See *People v. Staley* (1992) 10 Cal.App.4th 782, 786 ["the court was entitled to infer that defendant's poor employment history was not due to functional causes but was the product of defendant's choice of lifestyle"].)  While defendant has few assets, he has no mortgage, credit card debt, auto loan, or personal loan.  The only other information regarding defendant's financial circumstances in our record is the

3

appointment of counsel at trial and on appeal, which does not reflect defendant's future earning capacity. After completing his 10-year prison term, defendant will only be 46 years old, still well within his prime working age. Nothing in the record shows defendant has any health or mental issues that will prevent him from seeking gainful employment in prison and upon release.

The record sheds no light on why trial counsel chose not to object to the imposition of fines and fees absent an ability to pay hearing, as counsel was not asked for an explanation. But there are possible satisfactory explanations. Counsel might have had additional information about defendant's financial circumstances or future earning ability that would have foreclosed his ability to pay argument. Or, counsel might have concluded an ability to pay objection lacked merit given defendant's age, length of his prison term, prior employment history, and lack of any physical, emotional, or mental health problems precluding him from obtaining employment in prison or upon release. Because the record does not exclude a rational basis for trial counsel's failure to object, we reject defendant's ineffective assistance of counsel claim.

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

EARL, J.

4