Filed 1/29/21  P. v. Smith CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>HENRY A. SMITH, JR.,<br><br>        Defendant and Appellant. | A159496<br><br><br>(Solano County<br>Super. Ct. No. VCR-213103) |

Defendant Henry A. Smith, Jr. appeals from the resentencing on his convictions for murder of a police officer, robbery, and possession of a firearm. He contends that his murder sentence is erroneous because (1) the abstract of judgment incorrectly reflects an additional term that was not imposed on resentencing, and (2) he cannot be sentenced to any additional term beyond life without parole.  He also contends that the trial court improperly imposed fines, fees, and restitution without determining his ability to pay them.  We conclude that the abstract of judgment should be modified to correct the clerical error as to the murder sentence, and affirm the judgment in all other respects.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following is a brief summary of the factual and procedural background in this case relevant to the resolution of the appeal.

1

Defendant was charged by amended information with first degree murder (Pen. Code § 187, subd. (a));[1] second degree robbery (§ 211); and felon in possession of a firearm (§ 12021, subd. (a)(1)). In connection with the murder count, the information further alleged that defendant personally and intentionally used and fired a handgun, killing police officer James Capoot (§§ 12022.5, subd. (a), 12022.53, subds. (b)–(d) (sections 12022.53(b)–(d)), and alleged the special circumstances that defendant killed Officer Capoot knowing he was peace officer engaged in his duties (§ 190.2, subd. (a)(7) (section 190.2(a)(7))), while committing robbery (§ 190.2, subd. (a)(17) (section 190.2(a)(17))), and to avoid lawful arrest and escape from lawful custody (§ 190.2, subd. (a)(5) (section 190.2(a)(5))).

The jury found defendant guilty as charged, and the trial court sentenced defendant on November 9, 2015. For the murder conviction, the court imposed three concurrent terms of life without parole (LWOP) based on the section 190.2(a)(5), 190.2(a)(7), and 190.2(a)(17) special circumstance findings. The court also imposed a concurrent 50 years to life term as a second strike pursuant to section 1170.12. The court also imposed a concurrent 25 years to life term as a firearm enhancement under section 12022.53(d). It stayed the remaining firearm enhancements.

Defendant appealed his conviction and argued, among other things, that he was entitled to resentencing under the January 2018 amendment to section 12022.53, which provides trial courts with the discretion to strike firearm enhancements "in the interest of justice . . . ." (§ 12022.53, subd. (h), as amended Stats. 2017, ch. 682, § 2.) We remanded for resentencing and affirmed in all other respects, concluding that "remand is appropriate

---

[1] Unless otherwise indicated, all further section references will be to the Penal Code.

because the trial court has had no occasion to consider whether it would strike the enhancements." (*People v. Smith* (Nov. 27, 2018, A147175) [nonpub. opn.], at p. 9.)

At the December 18, 2019 resentencing hearing, the court imposed a LWOP term for the murder conviction based on the section 190.2(a)(7) special circumstance finding. The court also imposed the two LWOP terms based on the section 190.2(a)(5) and 190.2(a)(17) special circumstance findings, but stayed those terms pursuant to the prohibition against multiple punishment under section 654.

The court then declined to exercise its discretion to strike or dismiss the firearm enhancement under section 12022.53(d), and imposed a 25 years to life term to run consecutive to the LWOP term. The court described the "principal" factors considered in reaching its decision, including that the firearm was discharged at Officer Capoot three times, all apparently from behind or to his side. The court stayed the other two firearm enhancements under sections 12022.53(b) and 12022.53(c).

The court ordered defendant to pay a $10,000 restitution fine (§ 1202.4, subd. (b)); $120 court security fee (§ 1465.8); $90 criminal conviction fee (Gov. Code § 70373); and $480 in actual restitution (§ 1202.4, subd. (f)). It imposed but stayed a $10,000 parole revocation restitution fine (§ 1202.45). Defense counsel then stated: "We object on [defendant's] inability to pay." The court responded: "Okay. Let me leave it like this, both as to the restitution fund fine and the court security fees and criminal conviction assessment, but not actual restitution: If the First District Court of Appeal determines that a defendant's inability to pay is a sufficient reason, in and of itself, to not impose those, I'm okay with that."

The abstract of judgment reflects the terms of defendant's murder sentence from the December 18, 2019 hearing:  imposed LWOP term pursuant to section 190.2(a)(7) and consecutive 25 years to life term pursuant to section 12022.53(d) enhancement; and imposed but stayed enhancements pursuant to sections 190.2(a)(5), 190.2(a)(17), 12022.53(b), and 12022.53(c). But it also states that defendant's murder sentence included a term of "50 years to Life."  The minute order similarly identifies a "50 yrs to life concurrent" term for defendant's murder sentence.

Defendant filed a timely appeal from the resentencing.

## DISCUSSION

### A.    Murder Sentence

Defendant argues that his murder sentence was erroneous for two reasons.  First, he contends that the abstract of judgment, and corresponding minute order, reflect an additional term for the murder conviction—50 years to life—that was part of the court's original sentencing, but *not* part of the resentencing on December 18, 2019.  The Attorney General acknowledges the clerical error, and requests that the abstract of judgment be corrected.  We agree.  The abstract of judgment shall be amended to reflect that the court resentenced defendant on the murder conviction as follows:  imposed LWOP term pursuant to section 190.2(a)(7) and consecutive 25 years to life term pursuant to section 12022.53(d) enhancement; and imposed but stayed enhancements pursuant to sections 190.2(a)(5), 190.2(a)(17), 12022.53(b), and 12022.53(c).  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [reviewing court can order that an abstract of judgment be corrected].)

Second, defendant contends that the murder sentence was erroneous because "[h]e may only be given one sentence of LWOP, not LWOP plus something else."  While defendant directs this argument to the "50 years to

4

Life" term that we resolve by correction of the abstract of judgment, any such argument as to the 25 years to life term for the firearm enhancement is rejected. (§ 12022.53(d) [explaining that firearm enhancement is punishable by "additional and consecutive" term of 25 years to life]; *People v. Shabazz* (2006) 38 Cal.4th 55, 70 [confirming enhancement under section 12022.53(d) may be imposed even when defendant is sentenced to LWOP].)

### B. Ability to Pay

Defendant also argues that remand is required because the trial court failed to determine defendant's ability to pay before ordering him to pay the $10,000 restitution fine, $120 court security fee, $90 criminal conviction fee, and $480 in actual restitution.[2] Defendant relies on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) for his argument.

We disagree. In *Dueñas*, the defendant, "an indigent and homeless mother of young children" who suffered from cerebral palsy, dropped out of high school due to her illness, was not working, received public assistance, and had been unable to pay prior citations and fees, was convicted of driving with a suspended license. (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1160–1163.) At sentencing, she argued she did not have the ability to pay fees and fines, produced evidence of her inability to pay, and requested a hearing on the issue. (*Id.* at pp. 1162–1163.) The trial court struck some fees but imposed a $150 restitution fine (§ 1202.4), $40 court operations assessment (§ 1465.8), and a $30 court facilities assessment (Gov. Code § 70373). (*Id.* at pp. 1162, 1163.)

---

[2] In his opening brief, defendant also argued that the $10,000 restitution fine and $480 actual restitution were improper as they were not "orally pronounced" by the court. In his reply brief, defendant withdrew this argument.

5

Here, as a preliminary matter, the $480 actual restitution ordered is not subject to the reasoning in *Dueñas*. (*People v. Evans* (2019) 39 Cal.App.5th 771, 777.) As *Dueñas* explains, actual restitution to the victim (based on loss and paid directly to the victim to compensate for such loss) is different than a restitution fine paid into a statewide victim compensation fund. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1169.) Indeed, section 1202.4, subdivision (g) expressly prohibits the consideration of a defendant's ability to pay in determining the amount of a restitution order to a victim. Defendant cites no cases that extend the holding in *Dueñas* to victim restitution under section 1202.4, subdivision (f), and we decline to do so here.

As to the fees and fines, even assuming error under *Dueñas*,[3] any error was harmless beyond a reasonable doubt. (*People v. Johnson* (2019) 35 Cal.App.5th 134, 140.) Nothing in the record indicates that defendant, like the defendant in *Dueñas*, has a history of being unable to pay court assessments, has limited assets or income that he needs to devote to vital child-care needs, or has a disability that casts doubt on his ability to obtain the funds for payment in the future.

Moreover, a defendant's ability to pay is not limited to his present financial situation. (*People v. Staley* (1992) 10 Cal.App.4th 782, 785.) Rather, it can be based on a person's future ability to earn, including his ability to earn prison wages. (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837.) Here, defendant will be serving life in prison and has the capacity to earn during that time. Based on this record, even assuming the trial court erred when it assessed fines and fees without first determining

---

[3] The substantive holding in *Dueñas* has been strongly criticized. (*People v. Hicks* (2019) 40 Cal.App.5th 320, 326–329, review granted Nov. 26, 2019, S258946.) Because we conclude that any error under *Dueñas* was harmless, we need not determine whether the decision is correct.

6

defendant's ability to pay, we conclude that any potential error was harmless beyond a reasonable doubt.

## DISPOSITION

The trial court is directed to issue an amended abstract of judgment that corrects the clerical error and reflects defendant's resentencing on the murder conviction: imposed LWOP term pursuant to section 190.2(a)(7) and consecutive 25 years to life term pursuant to section 12022.53(d) enhancement; and imposed but stayed enhancements pursuant to sections 190.2(a)(5), 190.2(a)(17), 12022.53(b), and 12022.53(c). Defendant's sentences on the second degree robbery and felon in possession of a firearm convictions, as well as the fines, fees, and restitution ordered by the trial court, remain in force. The trial court shall forward a copy of the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Jackson, J.


_A159496/People v. Smith_

8